R. S. & S. HORNE, Appellants. v FRANK J. PUDIL, Appellee

88  533<br>93. 386

Justices of the Peace: CIVIL LIABILITY FOR OFFICIAL MISCONDUCT: PLEADING. The petition in this case averred that the defendant was a justice of the peace; that in a cause wherein the plaintiffs herein were defendants, the said justice rendered a judgment against these plaintiffs; that they had filed an appeal bond, which said justice had approved, and that he had agreed to send up the transcript, expressly waiving payment of his fees therefor in advance; that ten days after this he notified the plaintiffs of the amount of his fees, and that he would not send up the transcript without payment, and ten days later still he entered in his docket: ''And defendants filed bond, the appeal was allowed, and the defendants to pay for the transcript and bond before the appeal was taken, but the defendants refused to pay for the transcript and bond, and the appeal was not taken;'' that this entry was false, and corruptly made, with intent to injure the plaintiffs and prevent an appeal; that afterwards he issued execution upon the judgment, under which the plaintiffs' property was sold to their damage; and that they had a good defense to the action in which the judgment was rendered. *Held*, that the petition stated a good cause of action, and that it was the right of the plaintiffs under it to show that the acts of the defendant were malicious and corrupt, and not merely the result of the mistaken judgment of a judicial officer.

*Appeal from Johnson District Court.*—HON. S. H. FAIRALL, Judge.

WEDNESDAY, MAY 24, 1893.

THIS is an action at law to recover damages for certain alleged wrongful, corrupt, and malicious acts of the defendant, done while he was acting as justice of the peace, by reason of which acts the plaintiffs were prevented from taking an appeal to the district court from a judgment rendered by the defendant against the

plaintiffs, and in favor of one Nesmith. There was a demurrer to the petition, which was sustained, and judgment was rendered against the plaintiffs for costs, from which judgment they appeal.—*Reversed.*

*Rickel & Crocker*, for appellants.

*Ranck & Wade*, for appellee.

ROTHROCK, J.—It appears from the averments of the petition that the defendant is a justice of the peace in Johnson county. In July, 1890, one Nesmith commenced an action before the defendant to recover of the plaintiffs for one month's work and labor performed for them. The plaintiffs herein filed an answer and counterclaim, by which they claimed damages of Nesmith, because he had agreed to work and labor for five months, and quit the employ of the plaintiffs without cause, to their damage. The cause was tried before the defendant herein on its merits on the fifth day of July, 1890, and the defendant, as justice of the peace, rendered a judgment against the plaintiffs herein for fourteen dollars and the costs of the action. The plaintiffs herein gave notice of appeal, and immediately prepared an appeal bond in due form, and presented the same to the defendant for filing and approval, and the same was filed and approved by the defendant as justice of the peace.

At the same time said bond was filed and approved the said defendant Pudil expressly agreed and promised that he would send to the clerk of the district court the proper transcript, and expressly waived his right to demand his fees for a transcript in advance. In making up his docket the defendant maliciously and corruptly omitted to note therein the fact that an appeal bond had been filed and approved, and notice of appeal given and allowed. On the fifteenth day of July, 1890, the defendant wrote a letter to the plaintiffs, in which he

stated that he would allow the appeal, but that they must pay him one dollar in advance, and that he would not send up the papers before payment, and that the cost was fifty cents for the transcript and fifty cents for approving the bond.   Afterwards the defendant orally notified the plaintiffs that he would not allow the appeal, nor send up the transcript, unless said sum was paid him in advance.   Afterwards, and on the twenty-fifth day of July, 1890, the defendant made the following entry in his docket:   "And defendants filed bond, the appeal was allowed, and the defendants to pay for the transcript and bond before the appeal was taken, but the defendants refused to pay for the transcript and bond, and the appeal was not taken."   It is averred in the petition that this was false, and that it was corruptly made with intent to injure the plaintiffs, and prevent an appeal.   On the twenty-fifth day of September, 1890, the defendant issued an execution on said judgment, and the same was levied on the plaintiff's property, which was sold to pay the judgment and costs, and that the defendant still fails and neglects to prepare a transcript and file it with the clerk of the district court, and allow an appeal.

It is also averred that the plaintiffs had a good defense to the action in which said appeal was taken by them.   It is stated in the petition that all of the acts and doings of the defendant as a justice of the peace after the taking of the appeal bond were done wrongfully, willfully and corruptly, by reason of which the plaintiffs have been damaged in the sum of two hundred dollars, for which they ask judgment.

The demurrer is to the effect that the petition does not state a cause of action.   The specific grounds of the demurrer have reference to the right of the justice of the peace to demand his fees in advance for the approval of the bond and the making of the transcript. And counsel for the respective parties have argued these

questions at considerable length. We do not think it necessary to determine them. The question of waiver of the right to advance payment is also presented, and we think it must be held that, conceding the averments of the petition to be true, there was an express waiver of the right to demand the fees in advance. We know of no reason why the plaintiffs had not the right to stand on the waiver. It is averred in the petition in the most explicit terms. When the defendant received the bond, and accepted it as sufficient, he should then have demanded his fee for approving it. Instead of doing so, he received the bond, and expressly waived payment in advance for the transcript, by promising to prepare and forward the transcript to the clerk of the court. It is not necessary to examine and determine the question whether the plaintiffs should have made a tender of any part of the fees. No tender was necessary, as there was a waiver of payment in advance.

Our conclusion is that it was the right of the plaintiffs under this petition to show that the acts of the defendant were wrongful, malicious and corrupt, and not merely the result of the mistaken judgment of a judicial officer, and that there was a good defense to the action of Nesmith, which could have been maintained upon appeal. The judgment of the district court is REVERSED.